IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| LARRY E. ROBINSON | : | BK. No. 21-12675-amc |
| **Debtor** | : | |
| | : | Chapter No. 13 |
| NATIONSTAR MORTGAGE, LLC | : | |
| | : | |
| **Movant** | : | |
| | : | |
| v. | : | 11 U.S.C. §362 |
| | : | |
| LARRY E. ROBINSON | : | |
| **Respondent** | : | |

## NATIONSTAR MORTGAGE, LLC'S REQUEST FOR DOCUMENTS PURSUANT TO RULE OF BANKRUPTCY PROCEDURE 7034

**NATIONSTAR MORTGAGE, LLC.,** (hereinafter referred to as "Bank"), requests pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure that the Debtor, **LARRY E. ROBINSON**, produce copies of the following specified documents in the possession, custody or control of the Debtor within thirty (30) days of this request – July 31, 2023.

Bank makes this request in connection to its Certificate of Default.

DEFINITIONS

When the following words or phrases are used in this First Request for Production of Documents, they shall be deemed to mean the following:

1. The terms "Debtor" shall mean LARRY E. ROBINSON.

2. The term "Bank" shall mean NATIONSTAR MORTGAGE LLC., or the servicer of the mortgage Nationstar Mortgage, LLC.

3. The term "document" includes, but is not limited to, all of the following items, whether written or produced by hand; or printed, written, produced, recorded or reproduced by any mechanical process; or electronically or magnetically recorded or stored; or recorded upon any tangible thing; or stored in any retrievable form by any means of communication, representation, or data retention not described heretofore in this paragraph:

> Files, agreements, draft agreements, contract, draft contracts, communications, correspondence, facsimiles, telecopies, electronic mail, memoranda, summaries of records of personal conversations or interviews, statements, paraphrases of statements, diaries, desk calendars, graphs, reports, computer print-outs, notebooks, bills, notes charges, summaries of or records of meetings or conferences, summaries of or reports of investigations or negotiations, opinions or reports of consultants, magnetic tapes, computer media, computer storage devices, microfilm, microfiche, tape recordings, drafts, letters, telegrams, cables, telexes, indexes notices, tabulations, judicial records, transcripts, depositions, interrogatories, answers to interrogatories, notes of testimony, accounting statements, ledgers, bank statements, worksheets, negotiable instruments, receipts, specifications, diagrams, filings, reports, notices, any marginal comments appearing on any document, all other forms of media involving transmission, representation, communication or storage of information, including writings that constitute a translation into any language other than the language in which the original exists, at any time in your possession, custody or control, which are known to you, whether or not prepared by you.

(a) The term "document" as used herein further includes the original of any document in whatever form or medium that exists and all copies of each such document whenever the original is unavailable or whenever a copy has any matters or notations on it that are not present in the original.

(b) Without limitation, a document is deemed to be in your possession, custody, or control if you have the right to secure the document or a copy thereof from the person or public or private entity having possession thereof, and shall include documents in the possession of your attorney(s).

(c) If a document is responsive to a request for production and it is in your control, but is not in your possession or custody, identify the person with possession or custody.

4. The singular shall be deemed to include the plural, the plural to include the singular, and the words in the masculine, feminine or neutral shall include each of the following other genders as necessary to make the document request inclusive rather than exclusive.

5. The terms "and" and "or" shall mean and/or.

## INSTRUCTIONS

1. In responding to the following requests for production of documents, you shall furnish all documents, as defined herein, to the attorney(s) at their offices within the time prescribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure.

2. You shall promptly supplement production if additional responsive documents are located subsequent to the time of production, however, nothing contained herein shall relieve you of your duty to perform a diligent search for all requested documents and to produce them initially within the specified time. Nor shall this instruction constitute a waiver of Requester's right to seek the preclusion at trial of any documents not produced in a timely manner or to seek any other appropriate sanction in the event that any document described herein is not produced in accordance with this request.

3. If you claim that any requested documents are privileged and not subject to discovery, you shall nevertheless timely produce all documents as to which no privileged is claimed. At the same time, you shall supply Bank's counsel with a statement identifying all documents as to which a privilege is claimed, specifying for each such document the date, author, title, addressee and

general subject matter, and shall set forth the nature or the privilege asserted with respect to each document, all with sufficient detail that any dispute over the privilege may be decided by the Court.

4. Debtor shall separate the documents it produced according to the requests to which each is responsive, subject to Instruction 6.

5. If you know of any documents or things called for by a particular request which are not in your possession, state and give the best information you have on the subject and identify each and every person you believe to have the requested documents and things.

6. All documents produced pursuant to Movant's Request for Production of Documents are to be produced in the form, order and manner in which they are maintained in your files.

7. If you at any time had possession, custody or control of documents and things responsive to any request herein and if such documents have been lost, destroyed, purged or are not now in your possession or control, then identify the documents and things and state the date of and circumstances surrounding its loss, destruction, purge or separation from your possession or control and its present or last known location.

8. To the extent you object to only a part of any document request, respond to that part of the document request to which no objection is asserted.

9. In each instance, where you deny knowledge and/or information sufficient to respond to any part of the request for documents and things, state the name and address of each person, if any, known or believed to have such knowledge and/or information.

10. When precise or exact information, data, or dates are not available or known, state approximate information, data or dates and indication that you have done so.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Produce any and all proofs of payments to Bank, or any other prior or current servicer/holder of loan, for the period of January 30, 2023 through present. Proof of payment shall consist of copies of the front and back of any and all personal checks, money orders, cashier checks, or any other form of tender used by the Debtor during this period. The Debtor shall have a continuing obligation to produce proof of payments to Movant's counsel up to including the hearing date of the current Motion (August 22, 2023) and any continued hearing dates.

2. Produce copies of all bank statements from any financial institution at which the Debtors may hold an active account and contend payments to the Bank have been withdrawn from January 30, 2023 – present.

3. Produce copies of all documents that Debtor uses to make his assertion that he is current with the Bank.

4. Produce copies of all documents that Debtors used, relied on, or intend to produce as evidence at trial in defense of the Motion for Relief from the Automatic Stay.

Respectfully submitted,

Date:   June 29, 2023

/s/Andrew L. Spivack
**Andrew Spivack, Esquire**
Brock & Scott, PLLC
8757 Red Oak Boulevard, Suite 150
Charlotte, NC 28217
(844) 856-6646

| | |
|---|---|
| IN RE: : | |
| **LARRY E. ROBINSON** : | **BK. No. 21-12675-amc** |
| Debtor : | |
| : | **Chapter No. 13** |
| **NATIONSTAR MORTGAGE, LLC** : | |
| Movant : | |
| : | |
| v. : | |
| : | **11 U.S.C. §362** |
| **LARRY E. ROBINSON** : | |
| Respondent : | |

## CERTIFICATE OF SERVICE

    I hereby certify that service upon all interested parties, indicated below was made by sending true and correct copies of the Request for Production of Documents of Nationstar Mortgage, LLC., by Facsimile, and/or first-class mail on June 29, 2023.

KENNETH E. WEST, ESQUIRE (TRUSTEE)  
1234 MARKET STREET – SUITE 1813  
PHILADELPHIA, PA 19107

LARRY E. ROBINSON  
8007 NEW SEOCND STREET  
ELKIN PARK, PA 19027

MICHAEL D. SAYLES, ESQUIRE  
427 WEST CHELTENHAM AVENUE, SUITE #2  
ELKINS PARK, PA 19027

UNITED STATES TRUSTEE  
ROBERT N.C. NIX FEDERAL BUILDING  
900 MARKET STREET  
SUITE 320  
PHILADELPHIA, PA 19107

Respectfully submitted,

**/s/ Andrew Spivack, Esquire**  
BROCK & SCOTT, PLLC  
8757 Red Oak Boulevard, Suite 150  
Charlotte, NC 28217  
Phone: 844-856-6646